## COMMONWEALTH *vs.* DORACE YOUNG.

A mechanic receiving materials to be made into shoes at his own shop is not an agent or servant of the person furnishing the leather, within the meaning of the Rev. Sts. *c.* 126, § 29, against embezzlement.

INDICTMENT for receiving and concealing leather and other stock for the construction of shoes, which belonged to Gay & Co., knowing them to have been embezzled by William Bowen.

At the trial in the court of common pleas at October term 1856 before *Mellen*, C. J., the district attorney introduced evidence tending to prove that said stock and materials " were taken out by Bowen to be made up into shoes, in a shop occupied by him, in the town of Douglas — Gay & Co. doing business in Oxford — and that Bowen, after taking said stock and materials to Douglas, caused them to be sent to Boston, and there sold the same." The defendant requested the court to rule that this evidence did not prove the offence of embezzling by Bowen. But the judge declined so to rule, and submitted the evidence to the jury, who returned a verdict of guilty. The defendant alleged exceptions.

*H. Chapin*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J. The inquiry is whether the provisions of the statute law of this commonwealth punishing embezzlement, as they existed at the time of the offence charged in this indictment, would embrace a case of conversion of property under circumstances like those of the present case. This must be decided by reference to the Rev. Sts. *c.* 126, § 29, as it was by that statute that embezzlement was made punishable as a criminal offence, and the parties liable to be punished for embezzlement are there particularly described. The *St.* of 1853, *c.* 184, further provided for the punishment of receivers and concealers of stolen and embezzled property, but did not enlarge the class of persons who might be punished as principals in embezzlement.

The Rev. Sts. *c.* 126, § 29, provide that " if any clerk, agent

or servant of any private person, or of any copartnership, except apprentices and other persons under the age of sixteen years, shall embezzle or fraudulently convert to his own use any money or property of another, which shall have come to his possession, or shall be under his care, by virtue of such employment," he shall be deemed guilty of larceny. Was Bowen, in relation to the property committed to him to be made up into shoes, the agent or servant of Gay & Co.? In the opinion of the court no such relation existed between the parties as was contemplated by this statute. It was a case of a contract between them, by which Bowen stipulated to manufacture certain shoes for Gay & Co., the latter furnishing the leather for the same. Both were principals in the contract entered into. The language of the statute being such as to confine its provisions to those who stood in the relation of agent to a principal, we do not perceive how it can properly be considered as including the case of a mechanic or manufacturer to whom materials are sent for the purpose of being manufactured into articles for use. The acts of Bowen not constituting that embezzlement made punishable by the Rev. Sts. *c.* 126, § 29, the defendant Young is not punishable on an indictment against him for receiving and concealing the property thus placed in the hands of Bowen, knowing the same to have been embezzled by Bowen.

The recent *St.* of 1857, *c.* 233, on the subject of embezzlement, is more general, but its effect we have not considered, as the case before us arose under the prior statutes.

*Exceptions sustained.*